UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEDA BORGHESE,

  Plaintiff,

CASE NO. 1:09-CV-651

v.

HON. ROBERT J. JONKER

REFEREE DEBORAH AUTMAN
KENT COUNTY 17th CIRCUIT COURT
FAMILY DIVISION,

  Defendants.
_____/

## **OPINION AND ORDER**

  In this action, Plaintiff Leda Borghese (proceeding in forma pauperis) has sued Defendants Referee Deborah Autman and the Kent County 17th Circuit Court Family Division regarding an order allegedly signed by Ms. Autman on June 15, 2004. On October 9, 2009, the Court ordered the parties to show cause (docket # 21) why it should not dismiss the case under the *Rooker-Feldman* doctrine or under 28 U.S.C. § 1915(e)(2)(B)(ii). Defendants submitted a brief in response to the order to show cause (docket #23); Ms. Borghese did not. For the reasons given below, this action is dismissed.

  If a court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *In re Prevot*, 59 F.3d 556, 565 (6th Cir.1995) ("The district court has the inherent power to dismiss *sua sponte* for want of jurisdiction."). Ms. Borghese's complaint requests the Court vacate a state-court order that allegedly was signed by Referee Autman on June 15, 2004. Federal district courts, however, are barred under the *Rooker-Feldman* doctrine from

reviewing and rejecting a state-court judgment. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008). Because this action is barred by the *Rooker-Feldman* doctrine, the Court must dismiss this action for lack of subject-matter jurisdiction. *Id.*

Additionally, this action must be dismissed because it is one proceeding in forma pauperis that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Here, the complaint fails to state a claim on which relief may be granted because all defendants are immune from suit: The Kent County 17th Circuit Court, Family Division, is entitled to sovereign immunity under the Eleventh Amendment, *see Dixon v. Clem*, 492 F.3d 665, 673-74 (6th Cir. 2007), and Ms. Autman is entitled to absolute immunity for her actions as referee in the operation of the family court, *see Johnson v. Turner*, 125 F.3d 324, 334-35 (6th Cir. 1997). Finally, if this action could be considered one under 42 U.S.C. § 1983, it would appear to be barred by the statute of limitations because it involves an order signed over five years ago. *See Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986) (holding that the statute of limitations for an action in Michigan under section 1983 is the three-year period in Mich. Comp. Laws 600.5805(8)). Accordingly, this action must be dismissed under section 1915(e)(2)(B)(ii) because it fails to state a claim on which relief may be granted.

**IT IS ORDERED** that this action is **DISMISSED**.

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

Dated: October 26, 2009